Legal Helpers, P.C.
Richard Kwun (Bar No. 249134)
428 J Street, Suite 410
Sacramento, CA 95814
Tel: 1.866.339.1156
Fax: 1.312.822.1064
Email: rkw@legalhelpers.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| James Bergman<br>12150 Chad Lane<br>Waterford, CA 95386<br><br>and<br><br>Kelly Bergman<br>12150 Chad Lane<br>Waterford, CA 95386<br><br>    Plaintiff,<br><br>v.<br><br>Central Credit Services, Inc<br>c/o CSC Lawyers Incorporating Service<br>2730 Gateway Oaks Dr, Suite 100<br>Sacramento, CA 95833<br><br>    Defendant. | Case No.:<br><br>Judge:<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a).  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

Complaint - 1

## FACTS COMMON TO ALL COUNTS

2. Plaintiffs are "consumers" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff James Bergman ("Jim") incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. Plaintiff Kelly Bergman ("Kelly") is Jim's lawful spouse.

5. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

7. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

8. On or around December 18, 2008, Defendant telephoned Jim's mother ("Mother").

9. During this communication, Defendant disclosed the existence, nature, and/or amount of the debt to Mother.

10. During this communication, Mother requested that Defendant cease further telephone calls to Mother regarding Plaintiff's debt.

11. During this communication, Mother refused to provide Plaintiff's location information.

12. On or around December 18, 2008, Kelly telephoned Defendant.

13. During this communication, Defendant threatened to sue Plaintiffs if Kelly did not make a payment that day.

14. During this communication, Defendant falsely represented that Defendant was proceeding to court that afternoon to file a judgment and garnishment order against Jim.

15. At the time of these communications, Defendant had neither the intent nor ability to sue Plaintiffs.

16. At the time of these communications, Defendant had neither the intent nor ability to garnish Jim's wages.

17. Despite having notice, Defendant telephoned Mother on or around December 19, 2008.

18. At the time of this communication, Defendant already had Plaintiff's location information.

19. On or around December 19, 2008, Defendant telephoned Kelly.

20. During this communication, Defendant threatened to sue Jim and garnish Jim's wages.

21. At the time of these communications, Defendant had neither the intent nor ability to either sue Jim or garnish Jim's wages.

22. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

23. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed that Plaintiff owed the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party more than once and is without justification for multiple contacts.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT EIGHT

**Violation of the Rosenthal Fair Debt Collection Practices Act**

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. In falsely representing to Plaintiff the non-payment of the debt may result in legal action against Plaintiff, Defendant violated California Civil Code §§ 1788.10(e).

## COUNT NINE

**Violation of the Rosenthal Fair Debt Collection Practices Act**

40. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

41. In falsely representing that Defendant was an attorney or a counselor at law, Defendant violated California Civil Code §§ 1788.13(b).

## COUNT TEN

**Violation of the Rosenthal Fair Debt Collection Practices Act**

42. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

43. In falsely representing that a legal proceeding has been, or is about to be, or will be instituted against Plaintiff unless payment of the debt was made, Defendant violated California Civil Code §§ 1788.13(j).

## COUNT ELEVEN

**Invasion of Privacy by Public Disclosure of a Private Fact**

44. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

45. Defendant released information which was private to Plaintiff and concerned Plaintiff's private life to Plaintiff's mother.

46. Defendant's disclosure of Plaintiff's debt to this person is highly offensive.

47. The information disclosed is not of legitimate concern to the public.

## COUNT TWELVE

**Invasion of Privacy by Intrusion upon Seclusion**

48. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

49. Defendant intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion, and or private concerns.

50. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

51. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

52. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

53. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial.

## JURY DEMAND

54. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

55. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment against Defendant for actual damages pursuant to California Civil Code § 1788.30(a), statutory damages for a knowing or willful violation in an amount up to $1,000 pursuant to California Civil Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to California Civil Code § 1788.30(c).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    c. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    d. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

    e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: *s/ Richard Kwun*
Richard Kwun (Bar No. 249134)
428 J Street, Suite 410
Sacramento, CA 95814
Tel:  1.866.339.1156
Fax: 1.312.822.1064
Email: rkw@legalhelpers.com
*Attorney for Plaintiff*